1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2
3  J. DOUGLAS WILSON (DCBN 412811)
   Deputy Chief, Criminal Division
4  STACEY P. GEIS (CSBN 181444)
   Assistant United States Attorney
5
     450 Golden Gate Avenue, 11th Floor
6    San Francisco, California 94102
     Telephone: (415) 436-7126
7    Facsimile: (415) 436-7234

8  Attorneys for Plaintiff

9

10                        UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,            )  No. CR 10-00724 WHA
                                         )
14              Plaintiff,               )
                                         )  STIPULATION AND [PROPOSED]
15       v.                              )  PROTECTIVE ORDER
                                         )  RE: DISCOVERY OF
16  DHIREN PATEL,                        )  CONFIDENTIAL INFORMATION
                                         )
17              Defendant.               )
                                         )
18                                       )
19
20
21       WHEREAS, defendant DHIREN PATEL is charged with violations of one or more
22  federal statutes including: 18 U.S.C. § 371 (conspiracy); and 33 U.S.C. § 1319(c) (Clean Water
23  Act).
24       WHEREAS, the UNITED STATES OF AMERICA will produce a large amount of
25  discovery to counsel for the defendant; including some documents which contain personal and
26  trade secret information. The documents will either be produced to defendant as bates-stamped
27  photocopies or will be available for review.
28       WHEREAS, the time and labor involved in redacting all of the sensitive and confidential

---

No. CR 10-0724 WHA
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

793238.1

1  personal and trade secret information would create an unnecessary expense for the UNITED
2  STATES of AMERICA, and an unnecessary delay of the production of discoverable documents
3  to the defendant.  Moreover, redacting said confidential information would prevent the defendant
4  from fully reviewing documents that could either be seen as relevant pursuant to Rule 16, or
5  otherwise satisfy some other discovery obligation on the part of the government.

6  WHEREAS, the documents that contain sensitive and confidential information and are
7  thus subject to this protective order are limited to the followings bates-stamped documents
8  (herein referred to as "the documents" or "the protected documents"):

9  07283- 07604
10  08094 – 09052

11  THEREFORE, pursuant to Rule 16, the parties stipulate that the disclosure of the
12  aforementioned documents and materials will be subject to the following restrictions:

13  1.   The following individuals may examine the documents for the sole purpose of
14  preparing the defense:  Members of the law firm of Barg, Coffin, Lewis & Trapp, LLP.  In
15  addition, any expert or investigator retained by the defendant to assist in the defense of this
16  matter may examine the documents produced by the UNITED STATES of AMERICA pursuant
17  to this Stipulation and Order.  Furthermore, persons or entities that provide litigation support (i.e,
18  photocopying, translating; preparing exhibits or demonstrations; organizing, storing, or retrieving
19  data stored in any medium or form) (known hereinafter as "Professional Vendors") and their
20  employees and sub-contractors may have access to the documents produced pursuant to this
21  Stipulation and Order.  Any person to whom these documents are disclosed, other than
22  Professional Vendors, must be provided with a copy of this Stipulation and Order and sign a form
23  incorporating the terms for compliance with this Stipulation and Order, as set forth in paragraph
24  4, below.

25  2.   The defendant may examine the documents following his review of this protective
26  order. Counsel for the defendant shall explain to the defendant the terms of the Stipulation and
27  Order and the consequences for violating it, and the defendant shall sign the Acknowledgement
28  Form referenced below in Paragraph 4.  The defendant shall take reasonable precautions to keep

1  the protected documents confidential, including examining the documents in a secure
2  environment that is not accessed by the public and preventing disclosure of the protected
3  information to persons not covered by this Order.

4      3.    No other person may be allowed to examine the material without further order of
5  this Court. Examination of the documents produced subject to and pursuant to this Stipulation
6  and Order shall be done in a secure environment which will not expose the materials to other
7  individuals who are not listed in paragraphs 1 and 2 above. The documents shall not be copied
8  unless copying is necessary for the preparation of the defense in this proceeding. Any copies or
9  other re-productions of the documents shall be maintained in the same secure environment as the
10 original production set and shall be accompanied by a copy of this Stipulation and Order.

11     4.    All individuals who receive access to the documents produced by the UNITED
12 STATES of AMERICA pursuant to this Stipulation and Order, prior to receiving access to the
13 materials, shall sign a copy of an "Acknowledgment Form" confirming that:

14     a.    They have received and reviewed the Stipulation and Order;
15     b.    They understand its contents;
16     c.    They agree that they will only access the documents produced pursuant to
17     this Stipulation and Order for purposes of preparing a defense of the
18     defendant charged with a violation of law in this matter;
19     d.    They will not make any copies of any documents unless necessary for the
20     preparation of a defense in this matter;
21     e.    They understand that failure to abide by this Order may be punishable by
22     contempt and other sanctions by this Court and by federal and/or state
23     criminal charges for unauthorized possession or use of documents covered
24     by Rule 6 of the Federal Rules of Criminal Procedure and/or laws and
25     regulations relating to financial privacy.

26     5.    If counsel for the defendant learns that, by inadvertence or otherwise, it has
27 disclosed any documents produced pursuant to this Stipulation and Order, or information
28 contained therein, in a manner not authorized by this Stipulation and Order, such counsel must

immediately (a) use its best efforts to retrieve all copies of such documents; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, (c) request such person or persons to execute the Acknowledgment Form detailed in paragraph 4; and (d) notify counsel for the UNITED STATES of AMERICA.

6. If the defendant does not file an appeal, the defendant shall, within 30 court days of the filing of the judgment and conviction or order dismissing all charges, or, if the defendant files an appeal, the defendant shall within 30 court days of the issuance of the mandate from the appellate court, return the protected documents provided pursuant to this Order, and all authorized copies, to the UNITED STATES of AMERICA or destroy the documents. If the defense believes that it must maintain the documents for any other reason related to this legal proceeding, including further appeal or other post-conviction relief, the defense shall seek authorization from the Court within the applicable 30-day period to further retain the protected documents.

7. Any pleadings that include or make reference to the documents produced, pursuant to this Stipulation and Order, or their contents, shall be filed under seal.

8. Nothing in this Stipulation and Order shall prohibit the defense from pursuing its own investigation, including interviewing witnesses and/or obtaining documents.

9. Nothing contained in this Stipulation and Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any agency or department, or any other law enforcement or regulatory agency, the documents produced to the defendant pursuant to this Stipulation and Order relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Stipulation and Order prevent or in any way limit the use of any of the documents produced to the defendant in this matter in any proceeding relating to any potential violation of law or regulation, or relating to the matter within that agency's jurisdiction.

10. Even after termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect unless and until the Court otherwise directs.

11. Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the Court in the future.

12. No party waives any right to object on any ground to the use of evidence of any of the documents covered by this Stipulation and Order.

**IT IS SO STIPULATED.**

DATED: November 30, 2010    MELINDA HAAG
United States Attorney

___/s/_____
STACEY P. GEIS
Assistant United States Attorney

DATED: November 30, 2010

___/s/_____
DAVINA PUJARI, Esq.
Counsel for Dhiren Patel

### ORDER

In light of the factual bases set forth above as well as the stipulation and agreement of the parties to this action, and good cause appearing therefore, it is HEREBY ORDERED that disclosure of the above-described documents and information contained therein shall be restricted as set forth in this Order.

**IT IS SO ORDERED.**

DATED:  December 2, 2010.

By: _____
THE HONORABLE WILLIAM ALSUP
United States District Court